IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL MOSLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   **CIVIL NO. 06-690-WDS** |
| | ) |
| **HEALTH CARE ADMINISTRATOR,** | ) |
| *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Danville Correctional Center ("DCC"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks damages for allegedly denying him adequate medical care for his medical condition. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of

the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Plaintiff alleges that prior to his incarceration he was prescribed certain medication for depression. Plaintiff further alleges that he was prescribed these same medications at all institutions where he was confined prior to being confined at the Southwestern Illinois Correctional Center ("SWICC"). Plaintiff asserts that after arriving at SWICC, Defendant Siddiquil, a psychiatrist, determined that it was time to change Plaintiff's medication to other medications. Plaintiff refused to take these new medications because he had been prescribed these medications in the past and found that they caused him headaches and other problems. Defendant Health Care Administrator (identified in the body of the complaint as Nona Borror) upheld the change in medication. Defendant Fairchild also upheld the decision to change Plaintiff's depression medication when he reviewed Plaintiff's grievance. Plaintiff claims that he was deprived adequate medical attention while confined at SWICC. Furthermore, after Plaintiff was transferred from SWICC to Graham Correctional Center ("GCC"), he was issued a conduct violation for possessing five pills of his former medication.

The "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996). Furthermore, an inmate's mere disagreement with a physician's chosen course of medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Because Plaintiff alleges only a disagreement with Defendants as to

the proper medication for his depression, the instant complaint fails to state a claim upon which relief may be granted. Additionally, to the extent that Plaintiff seeks relief stemming from the conduct violation he received at GCC for possessing his old medication, the complaint fails to allege that the Defendants were in any way responsible for the conduct violation or the disciplinary proceeding (if any) that accompanied the conduct violation. *Berman v. Young*, 291 F.3d 976, 982 (7th Cir. 2002) (noting that plaintiff must "produce evidence that she sustained actual injury and that her injuries had a causal connection with the alleged due process violation").

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: October 9, 2007**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**