# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL MOSLEY,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 06-cv-690-WDS |
| **HEALTH CARE ADMINISTRATOR, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on Plaintiff's motion for leave to file an amended complaint (Doc. 17) and his "motion for exercised practice exemption request involving civil judge" (Doc. 18).

On October 9, 2007, the Court issued a Memorandum and Order dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. *See* (Doc. 12). Judgment was entered against Plaintiff and in favor of Defendants. *See* (Doc. 13).

On August 13, 2008, Plaintiff filed the instant motion for leave to file an amended complaint (Doc. 17). A plaintiff may amend the pleadings after the entry of judgment, however, "the presumption in favor of liberality in granting motions to amend under Rule 15(a) is reversed after judgment has been entered." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002), *quoting Vicom Inc. v. Harbridge Merchant Services Inc.*, 20 F.3d 771, 785 n. 13 (7th Cir. 1994). Where a plaintiff wishes to amend his complaint after judgment, he may do so only after the judgment has been vacated or set aside pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b) and the case has been reopened. *See Sparrow v. Heller*, 116 F.3d 204, 205 (7th Cir. 1997). Failure to seek

vacation of the judgment is grounds for denying the request for post-judgment amendment. *Id., citing Diersen v. Chicago Car Exchange*, 110 F.3d 481, 488 n.6 (7th Cir. 1997). In this case, Plaintiff did not seek to vacate the judgment dismissing his complaint. Therefore, the instant motion to file an amended complaint (Doc. 17) is **DENIED**.

Plaintiff's "motion for exercised practice exemption request involving civil judge" (Doc. 18) appears to seek vacation of the Court's Memorandum and Order dated June 25, 2007, (Doc. 11) which denied Plaintiff's motion for appointment of counsel. Technically, a "motion for excercised practice exemption request involving civil judge" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on October 9, 2007, but the instant motion was not filed until August 13, 2008, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d

798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff argues that the Court erred in denying him counsel because the Court ultimately dismissed his complaint on threshold review. Plaintiff maintains that the dismissal of his complaint demonstrated his lack of knowledge of the law and his need for appointed counsel. These arguments do not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts, which could have been addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion (Doc. 18) is **DENIED**.

**IT IS SO ORDERED**.

**DATED: March 4, 2009.**

　　　　　　　　　　　　　　　　　　**s/ WILLIAM D. STIEHL**
　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**